On the Merits.
The railway, after denying generally and specifically the allegations, pleads that the plaintiff was guilty of contributory negligence, in this: that prior to the destruction of the bridge by fire the plaintiff had knowledge of the danger thereof by the burning of the oil floating on the surface of the water of the bayou, as several fires had already taken place by which the said oil was being burned at different points, but made no attempt to prevent said loss by removing the floating oil from the vicinity of its bridge and especially from under it, which it could have done by the exercise of proper care and diligence.
The fact that the surface of the waters of the- bayou at Plaquemine were more or less covered with crude oil is thus admitted in the answer, as is also the danger of fire arising from such conditions.
The first disputed issue of fact in logical order is whether, as alleged, the servants of the railway dumped hot ashes into the bayou and thereby caused the fire which destroyed the parish bridge.
The witnesses for the plaintiff all concur *393 in the statement that the fire originated under the trestlework of the defendant’s bridge. When the smoke was first seen, a switch engine was passing or had just passed over the structure. One witness testified to seeing live coals dropping from the tender. Another testified that he saw cinders burning the oil. Other witnesses did not observe any live coals or cinders, but saw the fire and smoke beneath the trestle immediately after the passage of the engine. Another witness, Brown, who was on the parish bridge about 100 feet away, saw the engine on the trestle, heard a “frying” noise, like something hot had dropped into water, and saw smoke arising immediately beneath the.engine. The testimony of the engineer and fireman in charge of the engine negatives the conclusion that any live coals or cinders dropped from their engine on the occasion in question.
The question was one of fact, the evidence was conflicting, and its solution depended on the credit to be given to the testimony of the witnesses. The finding of the jury is supported by the evidence adduced on behalf of the plaintiff, and we are not prepared to say that it is erroneous on the face of the record before us.
A more serious question arises as to the amount of damages that should be awarded on the evidence before us. About one-half of the parish bridge was destroyed. The evidence tends to show that the cost of the original structure was about $20,000, and that the bridge was in good condition at the time of the fire.
One witness for the plaintiff, a civil engineer in charge of the United States government works at Plaquemine, estimated the damage at about $18,000. This estimate is more or less guesswork as it is based partly on estimates furnished by others.
Plaintiff offered in evidence an estimate furnished to the police jury by a civil engineer who had examined the bridge for the purpose of ascertaining the cost of restoring the structure to its former condition. The total of this estimate is $11,422. This estimate was ruled out, but has been brought up by bill of exception. It was not admissible except to prove rem ipsam.
Two civil engineers employed by defendant railway, after making a hurried examination of the bridge, estimated the damage at $4,492.50. Neither of. them were practical bridge engineers, but each had some professional knowledge of the subject. Their estimate did not include the .cost of labor on woodwork, the cost of removal of the débris, the cost of connecting the two ends, the cost of false work, and of plans and specifications and of inspection. The difference between their estimate and that of the engineer employed by the police jury is most remarkable as to the quantity of materials required to repair the structure.
We find it impossible on the evidence before us to render an intelligent judgment on the quantum of damages. It being evident that plaintiff is entitled to recover some amount over and above the sum of $4,492.50, the cause will be remanded for further evidence on the question of damages and for further proceedings according to law.
The plea of contributory negligence is without merit. Neither the railway nor the police jury were responsible for the conditions that prevailed. Neither took steps to remove the oil under and around their respective bridges. The proximate cause of the damage was the firing of the oil occasioned by the negligence of the railway.
It is therefore ordered that the verdict and judgment appealed from be reversed, and it is now ordered that this suit be dismissed, with costs as to the Evangeline Oil Company as in case of nonsuit, and it is further ordered that, as to the Texas & Pacific Railway, this cause be remanded for further evidence on the question of damages and for further proceedings according to law, and that the plaintiff pay the costs of appeal.